Plaintiff-appellant, the state of Ohio, appeals from an order of the Butler County Court of Common Pleas adjudicating defendant-appellee, Herman J. Pohlable, to be a sexual predator, but finding certain provisions of Ohio's sexual predator law unconstitutional as applied to appellant. We reverse and remand.
In August 1982, Pohlable was found guilty, following a jury trial, of two counts of rape in violation of R.C. 2907.02(A)(1) and 2907.02(A)(3). Pohlable was sentenced to seven to twenty-five years on each count, to be served consecutively. On January 1, 1997 and July 1, 1997, subsequent to Pohlable's conviction and sentencing but prior to his release from prison, Ohio's sexual predator statute, Amended Substitute House Bill 180 ("H.B. 180"), codified in part at R.C. Chapter 2950, became effective. R.C.2950.09 contains the procedures for classifying as a sexual predator an offender convicted and sentenced for a sexually oriented offense. The classification procedure which applies to Pohlable is found in R.C. 2950.09(C)(1) and provides that an offender who was convicted of or pled guilty to a sexually oriented offense prior to January 1, 1997, was sentenced before January 1, 1997, and was serving a term of imprisonment on or after January 1, 1997, may be adjudicated as a sexual predator.
In November 1997, following a hearing pursuant to R.C. 2950.09(C), the trial court determined that Pohlable is a sexual predator. In its analysis, the trial court also concluded that the "labeling" as sexual predator and subsequent community notification provisions are both punitive and substantive and, therefore, cannot be applied to these offenders without violating the Ex Post Facto clause of the U.S. Constitution and the retroactive clause of the Ohio Constitution. The trial court ordered the Department of Rehabilitation and Correction to refrain from entering in Pohlable's's institutional record the fact that he had been labeled a sexual predator, and directed that Pohlable register as a sexual offender, not a sexual predator, upon his release from prison.[1]
On appeal, the state contests the trial court's order insofar as the trial court finds that the "labeling" and notification provisions of H.B. 180 are unconstitutional as applied to offenders whose convictions predate the statute. We addressed this issue in State v. Lyttle (Dec. 22, 1997), Butler App. No. 96-03-060, unreported. In Lyttle, we determined that the classification and notification provisions are neither punitive nor substantive. As applied to offenders who were convicted and sentenced prior to the enactment of H.B. 180 and who were still in prison when H.B. 180 came into effect, we held that the "sexual predator classification provision and attendant registration, address verification, and community notification requirements contained in the act violate neither the federal prohibition against ex post facto laws nor Ohio's prohibition against retroactive legislation." Id. at 2.
Accordingly, on the authority of Lyttle, the state's appeal is with merit. We reverse the trial court as to this issue and remand this cause for the trial court to enter an order that recognizes the constitutionality of H.B. 180 in this context and otherwise complies with the dictates of the statute. The state's assignment of error is sustained.
Judgment reversed and remanded.
POWELL, P.J., concurs.
KOEHLER, J., dissents without opinion.
[1] The former version of R.C. Chapter 2950 required "habitual sex offenders" to register with law enforcement officials in the offender's city or county of residence. See former R.C. 2950.02
(repealed July 1997). An "habitual sex offender" was defined as a person convicted two or more times for sex offenses. See R.C.2950.01 (repealed by H.B. 180, Section 2, effective January 1, 1997).